**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF MISSISSPPI**
**NORTHERN DIVISION**

**TONYA GOODE**                                                                                                    **PLAINTIFFS**

**VS.**                                                    **CIVIL ACTION NO.**    3:21-cv-778-KHJ-MTP

**FAMILY DOLLAR STORES OF MISSISSIPPI, INC**
**JOHN DOES 1-10**                                                                                                 **DEFENDANTS**

**COMPLAINT**
**JURY TRIAL DEMANDED**

COME NOW the Plaintiff, TONYA GOODE, by and through counsel, and in support of this, her Complaint for damages against the Defendants, respectfully allege the following:

1. Plaintiff, TONYA GOODE, is an adult resident citizen of Ridgeland, MS.

2. FAMILY DOLLAR STORES OF MISSISSIPPI, INC. ("Family Dollar") is foreign corporation which is incorporated in the State of Virginia and maintains its principal place of business in the State of Virginia. Defendant may be served with process by and through personal service upon its registered agent, Corporation Service Company, 7716 Old Canton Rd., STE C, Madison, Mississippi.

3. JOHN DOES 1-10 are fictitious and unknown parties whose negligent acts caused or contributed to the Plaintiff's injuries. The identity of these parties is unknown at this time and can only be ascertained through the use of judicial mechanisms such as discovery. Upon learning the identity of this party or parties, the Plaintiffs may substitute it/them for the fictitious parties under Rule 9(h). Alternatively, in the event that the Plaintiffs have sued the wrong party and is required to change parties, such amendment will be made in accordance with Rule 15(c).

## JURISDICTION AND VENUE

4. This Court has personal jurisdiction over the parties.

5. This Court has subject matter jurisdiction over this cause, pursuant to pursuant to Title 28 U.S.C §1332 as the matter in controversy exceeds the value of $75,000.00, exclusive of interest and costs, and is between citizens of different states.

6. Venue is proper in the United States District Court for the Southern District of Mississippi, Northern Division pursuant to Title 28 U.S.C §1391 as same is the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.

## FACTUAL BACKGROUND

7. Plaintiff incorporates the preceding paragraphs as if fully rewritten herein.

8. On or about March 22, 2019, Plaintiff, Tonya Goode, was an invitee at Family Dollar Store located 304 E. Government Street, Brandon, Mississippi (hereinafter "the premises").

9. While on the premises as an invitee, Plaintiff tripped and fell over merchandise which was improperly, negligently and hazardously left in an aisle which was intended to be a walkway for customers.

10. As a proximate cause of the aforementioned fall, Plaintiff sustained bodily injuries and damages.

## CAUSE(S) OF ACTION

### PREMISES LIABILITY AND NEGLIGENCE

11. Plaintiff incorporates the preceding paragraphs as if fully rewritten herein.

12. The aforementioned occurrence and the resulting injuries and damages were directly and proximately caused by or contributed to by the negligence of the Defendant(s),

including, but not necessarily limited to, direct acts of negligence committed by Defendant(s)' employees which include all allegations hereafter, and in their failure to exercise a proper degree of care in the following respects, to-wit:

(a) By carelessly and/or negligently failing to exercise reasonable care to properly maintain the premises in a reasonably safe condition;

(b) By failing to take sufficient and adequate remedial action to eliminate the hazardous condition despite having actual and/or constructive knowledge of the hazardous condition prior to Plaintiff's incident;

(c) By failing to adequately inspect and maintain the premises;

(d) By negligently creating the hazardous condition;

(e) By failing to warn of the hazardous condition;

(f) By other acts of negligence which will be shown at the trial of this cause.

## **NEGLIGENT TRAINING AND SUPERVISION**

13. Defendant(s), by and through its acts of negligence and/or the negligence of its employees, contractors or agents for which they are vicariously liable and for which the their employees, agents and contractors are individually liable, created the hazardous condition by failing to exercise the reasonable care required to create a reasonably safe premises and failed to maintain the premises in a reasonably safe condition. Specifically, the Defendants, by their failure to implement safety policies and procedures and by individual acts of negligence on the part of their managerial staff, negligently permitted the hazardous condition to remain on the premises by the failure to train, monitor, and supervise its personnel to maintain the premises in a reasonably safe condition.

## DAMAGES

14. Defendants' breach of these duties was a proximate and contributing cause and/or concurrent cause of the incident and the resulting injuries to the Plaintiff.

15. As a further direct and proximate cause of Defendant's disregard for Plaintiff's safety and well being and other negligent acts, Plaintiff suffered serious bodily injuries and incurred substantial monetary damages. These damages include, but are not limited to the following:

   (a) past, present and future medical expenses;
   (b) past, present and future physical pain and suffering;
   (c) past, present and future mental and emotional distress;
   (d) past, present and future inconvenience and discomfort;
   (e) permanent impairment and/or disability;
   (f) past, present and future lost wages, loss of wage earning capacity and/or loss of access to labor market;
   (g) any other relief, which the Court or jury deems just or appropriate based upon the circumstances.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment against the Defendants for actual, compensatory damages, non-pecuniary damages, attorney's fees and costs.

Respectfully submitted, this the 7TH of December, 2021.

                         TONYA GOODE,
                         PLAINTIFF

             By:    */s/Shanda M. Yates*
                         SHANDA M. YATES

**OF COUNSEL:**

Shanda M. Yates (MSB No. 102687)
Yancy B. Burns (MSB No. 99128)
**BURNS & ASSOCIATES, PLLC**
P.O. Box 16409
Jackson, MS 39236
Phone:  601-487-6997
Fax:  601-487-6958
syates@burnsandassociateslaw.com
yburns@burnsandassociateslaw.com